**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DR. JAMES MCCLUSKEY                :

       Plaintiff,              :   Case No.:

-vs-                              :

WILBERFORCE UNIVERSITY      :

       Defendant.            :
                                    :

---

**NOTICE OF REMOVAL**

---

Defendant Wilberforce University ("**Wilberforce**" or "**Defendant**"), by and through its undersigned counsel of record, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action to the United States District Court for the Southern District of Ohio, Western Division ("**State Court Action**").  In support of this Notice of Removal, Defendant states as follows:

I.     **PROCEDURAL BACKGROUND**.

     1.     This lawsuit is a civil action within the meaning of 28 U.S.C. §§ 1441(a) and 1446(b).

     2.     Ohio is divided into two judicial districts known as the Northern and Southern Districts of Ohio. The Southern District is comprised of two (2) divisions, which includes the

Western Division. 28 U.S.C. § 115 (stating that the two (2) divisions within the Southern District are the western and eastern divisions). The United States District Court for the Southern District of Ohio, Western Division at Dayton is the federal judicial district encompassing the Greene County Court of Common Pleas, located in Xenia, Ohio. Therefore, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

3.      On June 12, 2024, Dr. James McCluskey ("**Dr. McCluskey**" or "**Plaintiff**") filed a Complaint in the Greene County Court of Common Pleas, the civil action styled as *Dr. James McCluskey v. Wilberforce University*, Case Number 2024CV0467, asserting claims for age discrimination and breach of contract against Defendant. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders are attached hereto as __**Exhibit A**__, and incorporated herein by this reference.

4.      In its Complaint, Plaintiff alleges Defendant committed age discrimination in violation of Chapter 4112 of the Ohio Revised Code when it terminated Plaintiff's employment. (Ex. A, Compl. at ¶ 31-39). Further, Plaintiff alleged his termination breached the collective bargaining agreement ("**Agreement**") between Defendant and the labor organization in which Plaintiff is a member. (Ex. A, Compl. at ¶ 40-45). Plaintiff seeks both compensatory and punitive damages, as well as attorneys' fees. (Ex. A, Compl. at Prayer for Relief).

5.      Defendant received a copy of the Summons and Complaint on June 17, 2024. Therefore, this filing is within the thirty days pursuant to 28 U.S.C. § 1446(b). Since the period for Defendant to answer or otherwise plead has not yet expired, Defendant has not yet served its responsive pleading in the State Court Action.

6.      Pursuant to Fed. R. Civ. P. 81(c), Defendant will move, plead, or otherwise respond

2

and/or file its Answer to the Complaint in this Court within seven days of this removal.

7.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 since Defendant has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## II.    FEDERAL QUESTION JURISDICTION EXISTS.

8.      At the time of Plaintiff's termination, he was a member of a labor organization representing employees of Defendant in an industry affecting commerce, as defined in Sections 2(5), 501(1), and 501(3) of the Labor Management Relations Act ("**LMRA**"), 29 U.S.C. §§ 152(5), 142(1), and 142(3), and within the meaning of Section 301, 29 U.S.C. § 185.  And Defendant was an Ohio non-profit corporation with its principle place of business located in Wilberforce, Greene County, Ohio, and an employer engaged in an industry effecting commerce as defined in Sections 2(2), 501(1), and 501(3) of the LMRA, as amended, 29 U.S.C. §§ 152(2), 142(1), and 142(3), and within the meaning of Section 301, 29 U.S.C. § 185.  As such, Plaintiff's state law claims are pre-empted by Section 301(a) of the LMRA, as amended.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6–7 (2003) ("[Section] 301 . . . not only pre-empt[s] state law but also authoriz[es] removal of actions that [seek] relief only under state law.").

9.      The LMRA expressly preempts Plaintiff's claims and provides the exclusive remedies available to Plaintiff if successful, and thus, there is federal question jurisdiction and removal of this action is proper pursuant to 28 U.S.C. §§ 1331 and 1441(b)(2).

## III.    THE OTHER REMOVAL REQUIREMENTS HAVE BEEN SATISFIED.

10.     Because this Notice of Removal was filed within 30 days of Defendant's receipt of

the Complaint, it is timely under 28 U.S.C. § 1446(b).

  11. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

  12. No further proceedings have been had in this action.

  13. Pursuant to 28 U.S.C. § 1446(d), a written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

  14. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, will be promptly filed with the Greene County Court of Common Pleas. *See* Notice of Filing Notice of Removal, attached hereto as **Exhibit B** and incorporated herein by this reference.

  15. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that this case was properly removed. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

## V. **CONCLUSION**.

  Based upon the foregoing, Defendant respectfully requests that this action be, and is hereby, removed to this Court, that this Court assume jurisdiction of this action, and that this Court enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

/s/ Walter Reynolds
John M. Stephen (0022947), Trial Attorney
Walter Reynolds (0022991)
Anthony V. Graber (0095691)
Porter, Wright, Morris & Arthur LLP
One South Main Street, Suite 1600
Dayton, OH 45402-2028
Telephone: (937) 449-6714
Facsimile: (937) 449-6820
jstephen@porterwright.com
wreynolds@porterwright.com
tgraber@porterwright.com

*Attorneys for Defendant Wilberforce University*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties to this action by e-file using the Court's CM/ECF system and/or by depositing a copy of same in the U.S. Mail, postage prepaid and properly addressed as follows:

Michael W. DeWitt, Esq.
DeWitt Law, LLC
4200 Regent Street, Suite 200
Columbus, Ohio 43219
mdewitt@dewittlawco.com
Attorney for Plaintiff

/s/ Walter Reynolds
Walter Reynolds
*One of the Attorneys for Defendant*

24383037v1