## IN THE COURT OF COMMON PLEAS, GREENE COUNTY, OHIO

| | |
|---|---|
| DR. JAMES McCLUSKEY<br>279 Winding Trail<br>Xenia, Ohio 45385<br><br>Plaintiff,<br><br>v.<br><br>WILBERFORCE UNIVERSITY<br>1055 N Bickett Rd<br>Wilberforce, OH 45384<br><br>Defendant. | Case No. 2024CV0467<br><br>Judge JUDGE BUCKWALTER<br><br>COMPLAINT WITH JURY<br>DEMAND ENDORSED HEREON |

FILED 2024 JUN 12 PM 12:09 AJ WILLIAMS COMMON PLEAS COURT GREENE COUNTY, OHIO

### NATURE OF THE CLAIMS

1. This is a civil action by Plaintiff Dr. James McCluskey against his former employer, Wilberforce University ("Wilberforce") because Defendant unlawfully terminated Dr. McCluskey's employment because of his age and in breach of his employment contract as a tenured professor.

2. Accordingly, Dr. McCluskey now files this civil action. He seeks to recover for the harm he has suffered, to punish Defendant for its conduct, and to deter Defendant from ever perpetrating its conduct against any other person.

### PARTIES

3. Plaintiff is a natural person residing in Greene County, Ohio and is over the age of 40.

4. Defendant Wilberforce is, upon information and belief, an Ohio non-for-profit corporation located in Greene County.

5. Defendant Wilberforce, at all times relevant to the allegations below, employed four or more employees within the state of Ohio.

1

**JURISDICTION AND VENUE**

6. This Court has jurisdiction in this matter because the amount in controversy is greater than $15,000.

7. Venue is proper in this Court because all of the acts and occurrences alleged herein took place in and around Greene County.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

8. Plaintiff timely filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC").

9. On or about May 16, 2024, OCRC notified Plaintiff that it had issued him a Right to Sue letter. (Exhibit 1).

10. Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

**FACTS COMMON TO ALL CLAIMS**

11. Dr. McCluskey is over 40 and was wrongfully terminated from by Wilberforce on September 27, 2023.

12. At the time of his termination, he had been a tenured Associate Professor of Mass Media Communications in the College of Arts and Sciences at Wilberforce for over 16 years.

13. Because he was a tenured professor, he could only be removed from his position for just cause or under certain extraordinary circumstances not present here.

14. Upon information and belief, Wilberforce is now, and has been for some time, facing serious financial issues and in addition, in late 2023, was put on notice by the Higher Learning Commission, a college accreditation body, that it was at risk of not meeting certain criteria to remain accredited.

15. Just prior to Dr. McCluskey's termination, Wilberforce hired a new president, Dr. Vann Newkirk, Sr. and a new provost and vice president of academic affairs, Dr. Brandon A. Owens, Sr.

16. Upon information and belief, since Wilberforce hired Newkirk and Owens, they have sought to remove Wilberforce's tenured professors, most likely as an alleged cost-saving measure, by manufacturing dubious claims to use as "cause" under the terms of the tenure contracts between it and its tenured professors.

17. In Dr. McClusey's case, he was alleged to have shown a pornographic film in his class and have had a tab open on his computer to a pornographic website during a class session being held via Zoom, both of which would have allegedly violated several university policies.

18. He was informed of this decision in a letter from Owens, dated September 27, 2023. (Exhibit 2).

19. Despite Owens's claims in the letter however, there is no evidence that Dr. McCluskey either showed a pornographic video to the class or that there was a tab to a pornographic website open on his computer during the class.

20. The contract between Wilberforce and the Wilberforce University Faculty Association ("WUFA") permits a tenured faculty member to appeal a termination decision to the Wilberforce University Promotion and Tenure Committee, which then forms an ad hoc committee of tenured faculty members to hear the appeal.

21. Under the terms of the contract, while the ad hoc committee can make recommendations based on its findings, the president of Wilberforce, Dr. Newkirk, has sole authority to make the final determination.

22. Interestingly, while the WUFA rules require that the ad hoc committee consist of five tenured faculty members, at the time of Dr. McCluskey's appeal, there were not enough tenured faculty at Wilberforce to have more than four tenured faculty members on the ad hoc committee. (Exhibit 3).

23. On November 2, 2023, a hearing was held before the ad hoc committee and both Wilberforce and Dr. McCluskey presented evidence and testimony, including recordings of all of Dr. McCluskey's classes from the fall 2023 academic term up to that point in the school year.

24. In a letter dated November 9, 2023, the ad hoc committee presented its findings to Dr. Newkirk and unanimously determined that the university produced no evidence that Dr. McCluskey was either viewing or showing pornography to his class at any time and that he did not engage in behavior that was deemed detrimental or disruptive to the university community or prohibited by law. (Exhibit 4).

25. It then recommended that Dr. McCluskey not be terminated from his employment at Wilberforce.

26. Despite there being absolutely no evidence of any misconduct whatsoever, let alone conduct that constituted just cause for termination, Dr. Newkirk ignored the evidence and the ad hoc committee's recommendation and upheld the termination. (Exhibit 5).

27. Upon information and belief, the classes that Dr. McCluskey would have normally taught at Wilberforce are being taught by non-tenured instructors who are substantially younger than Dr. McCluskey.

28. Based on the above, it is clear that Wilberforce intentionally discriminated against Dr. McCluskey based on his age, in violation of Ohio law and that any claim that he was terminated for cause is pretextual.

29. In addition, because Dr. McCluskey was a tenured professor and could only be terminated with just cause, Wilberforce's termination of him without just cause breached that contract.

30. Wilberforce's conduct, as described above, has caused Dr. McCluskey to suffer damages in an amount to be determined at trial.

## CLAIMS FOR RELIEF

## COUNT I
## AGE DISCRIMINATION UNDER ORC CHAPTER 4112

31. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

32. Dr. McCluskey was an "employee" as that term is defined in R.C. 4112.

33. Wilberforce is an "employer" as that term is defined in R.C. 4112.

34. As noted previously, Dr. McCluskey is over 40.

35. Because Dr. McCluskey is over 40, he is a member of a protected class under R.C. 4112.

36. At the time he was terminated, he was physically able to perform his duties and otherwise met the requirements of his job and laws pertaining to the relationship between employer and employee, that is, he was qualified for his position.

37. Dr. McCluskey was subjected to the conduct alleged above and suffered an adverse employment action when he was terminated by Wilberforce in violation of R.C. 4112.

38. Consistent with R.C. 4112, Dr. McCluskey is entitled to punitive damages because Wilberforce acted with malice.

39. For its violations of R.C. 4112, Wilberforce is liable to Dr. McCluskey for lost pay and benefits, compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, plus the equitable remedy of front pay.

## COUNT II
## BREACH OF CONTRACT

40. Plaintiff incorporates by reference all of the allegations set forth above, as if fully set forth herein.

41. As a tenured professor, there was a valid employment contract between Dr. McCluskey and Wilberforce, supported by valuable consideration.

42. That contract only permitted Wilberforce to terminate Dr. McCluskey for cause.

43. Wilberforce terminated Dr. McCluskey without cause, and when, on appeal, the ad hoc committee determined there was no cause, Dr. Newkirk ignored both the evidence submitted at the hearing and the ad hoc committee's recommendation and terminated Dr. McCluskey.

44. That termination breached the terms of the contract.

45. That breach caused Dr. McCluskey to sustain damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Dr. McCluskey demands the following relief:

A. Front pay in an amount to be determined;

B. Economic compensatory damages in an amount to be determined at trial;

C. Non-economic compensatory damages in an amount to be determined at trial;

D. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

E. Reasonable attorneys' fees incurred in pursuing the claims against Defendant;

F. All costs and expenses incurred in pursuing the claims against Defendant;

G. Pre- and post-judgment interest; and

H. All other legal and equitable relief this Court and/or a jury determines is appropriate.

Respectfully submitted,

DEWITT LAW, LLC

_____
Michael W. DeWitt (0066896)
4200 Regent Street, Suite 200
Columbus, Ohio 43219
(614) 398-2886
(614) 750-1379 (facsimile)
mdewitt@dewittlawco.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues that are triable.

_____
Michael W. DeWitt (0066896)